UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| AVE DURUISSEAU | CASE NO. 6:22-CV-03860 |
| VERSUS | JUDGE JAMES D. CAIN, JR. |
| FARMERS PROPERTY & CASUALTY INSURANCE CO | MAGISTRATE JUDGE LEBLANC |

## MEMORANDUM RULING

Before the Court is a "Motion for Summary Judgment" (Doc. 22), wherein Defendant, Farmers Property and Casualty Insurance Company ("Farmers") moves to dismiss the instant lawsuit, with prejudice, at Plaintiff's costs because there is no active policy of insurance providing coverage for Plaintiff's property on the alleged date of loss. Plaintiff has filed no opposition to this Motion and the time for doing so has now lapsed.

On August 27, 2020, Hurricane Laura made landfall near Lake Charles, Louisiana. Plaintiff alleges that the Hurricane caused damage to her home and that during that time, Defendant, Farmers, insured the property. Plaintiff, through counsel for McClenny Moseley & Associates filed the instant lawsuit against Farmer seeking to recover alleged damages for underpayment and/or untimely payments.

## FACTUAL STATEMENT

Plaintiff seeks recovery under a Farmer's policy for property damage allegedly sustained at 6750 Highway 71, Palmetto, La during Hurricane Laura on August 27, 2020. On August 27, 2020, Farmers had no policy in effect insuring the property.[1]

### SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

---

[1] Defendant's exhibit A, Affidavit of Hortense Phillip, Doc. 18.

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## LAW AND ANALYSIS

Farmers moves to dismiss this lawsuit with prejudice because there is no genuine issue of material fact for trial that it did not insure Plaintiff's property on August 27, 2020. Plaintiff has not filed any objection to Farmer's motion. As such, there is no genuine issue of material fact for trial.

## CONCLUSION

For the reasons stated herein, the Motion for Summary Judgment (Doc. 22) will be granted, dismissing with prejudice Plaintiff's claims against Farmers at Plaintiff's costs.

**THUS DONE AND SIGNED** in Chambers on this 26th day of April, 2024.

_____
**JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE**